UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE RODRIGUEZ,

                Plaintiff,

-v-

STEPHEN MATRONE; SPECIAL CITIZENS FUTURES UNLIMITED,

                Defendants.

22 Civ. 8904 (KPF)

**ORDER OF SERVICE**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, alleging that his employer, Special Citizens Futures Unlimited ("SCFU"), and the Director of Human Resources at SCFU, Stephan Matrone, discriminated against him because of his age and national origin. He names as Defendants SCFU and Matrone. The Court construes the complaint as also asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. *See McLeod* v. *Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint").

    By order dated November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). As set forth below, the Court directs the

Clerk of Court to prepare the necessary paperwork for service, and deliver those documents to the U.S. Marshals Service for the purpose of serving the Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Special Citizens Futures Unlimited and Stephen Matrone, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: November 22, 2022
       New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Special Citizens Futures Unlimited
   1775 Grand Concourse, 8th Floor
   Bronx, NY 10451

2. Stephen Matrone, Director of Human Resources
   1775 Grand Concourse, 8th Floor
   Bronx, NY 10451